LANGFELD et al. v. ALBRIGHT.

(Circuit Court of Appeals, Third Circuit. June 29, 1905.)

No. 7.

PATENTS—INFRINGEMENT—COIN PURSE.

The Albright patent, No. 439,085, for a coin purse, construed narrowly, as it must be in view of the prior art, especially of the Rundlett patent, No. 201,201, *held* not infringed by a purse substantially the same in construction and the manner of its use as that of the Rundlett patent.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

Ernest Howard Hunter, for appellants.

Edw. W. Magill, Andrew A. Leiser, and Walter F. Rogers, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

ACHESON, Circuit Judge. The bill in this case charges infringement by the defendants of letters patent No. 439,085, dated October 28, 1890, granted to the complainant, Chester E. Albright, for "new and improved purse." The stated object of the invention is to provide a convenient receptacle for specie, which may be securely closed to prevent the escape of coin and readily opened to display the contents and make them easily accessible, "so that any one piece of coin can be picked out from among the others with the greatest facility, and without handling any other than the piece wanted, as from off the bottom of a till." To accomplish this object, the patentee employs a stiff hinged-frame consisting of two members or parts, A, B, and two pieces of leather or other flexible material (D and F) fastened to the frame; the piece D to both parts of the frame on the outside thereof, and the piece F to the upper or inner side of one of the parts, so as to form a pocket opening to the other or uncovered part. The specification states:

"A and B constitute the frame of the purse, and are connected at C by hinges, and these hinges should be made with a stop to prevent A and B from opening farther than in a straight line, as in Fig. 3, or to any greater or less distance, as preferred, so as to prevent the side forming the till from dropping down and losing the coin when the side of the frame containing the receptacles only is held in the hand when the purse is open for the purpose of picking out coin. When open, the purse is surrounded and supported on all sides by this frame, and when shut on all sides but the one between the hinges, which must be left free and unobstructed, so the coin can readily slide, when the purse is open, from the side supported by A onto the side supported by B."

The claims of the patent alleged to be infringed are the first and sixth, which read as follows:

"(1) A purse having a stiff frame divided into two parts by hinges and flexible material attached to the frame, so as to form on one side of the

hinges one or more receptacles for coin and on the other side a till from which the coin can be picked when the purse is open, substantially as described."

"(6) In a purse, the combination of the frame, A and B, connected by hinges, and the flexible material, D and E, arranged and attached to the frame so as to form on one side of the hinges a receptacle for coin with its mouth opening toward the hinges and forming on the other side a till onto which the coin can freely slide when the purse is open, and which till will close the receptacle when the purse is closed, substantially as described."

Obviously the stiff frame divided into two parts connected by hinges is a material feature of Albright's invention, and enters into each of the two claims in question. As shown in the patent, the hinges are constituted by metal pintals which pass through eyes in the metal frame. Now, it may be conceded that Albright shows a patentable invention, although his advance upon the prior art is very slight; but his claims here in suit must be strictly construed to save them in view of the prior art, particularly the patent No. 201,201, dated March 12, 1878, granted to James C. Rundlett. The specification of Rundlett's patent contains the following description:

"The object of my invention is to provide a compact and convenient receptacle for specie, which may be easily opened to display the specie, and may be readily and securely closed, so as to prevent the escape of coin. Referring to the drawing, A is the back piece of the purse, which, in the present case, is oblong, with one end a little wider than the other. To the smaller end of the back piece a front piece is stitched, forming a pocket, B, for the reception of coin. A front piece is stitched to the larger end of the back piece, forming a shallow pocket, C, for receiving the opposite end of the purse when the purse is folded together. A strip of the material of which the front of the larger pocket is made extends along each edge of the back piece, forming lips of flaps, a, which prevent the coin from escaping when the purse is opened, and the coin is allowed to drop out of the pocket B into the open space between the pockets B, C. The pocket B is provided with a narrow flap, b, which stiffens the front piece, and facilitates the return of the coin to the pocket. When the pocket B is tucked into the pocket C, the coin is prevented from escaping. The purse is preferably made of leather, and has no metallic parts. It is soft and flexible, and easily carried in the pocket. I do not limit or confine myself to any particular mode of manufacture, nor to any special material or form, as these may be varied without departing from my invention."

Rundlett's patent shows a purse made of a piece of leather folded at the middle, having on one side of the fold a coin pocket and on the other side an open space upon which the coin may slide from the pocket when the piece of leather forming the base is laid out flat, and around the edge of the open space is a strip of leather forming a lip or rim to prevent the coin from falling off. Rundlett's object was the same Albright sought, and the exposure of the coin upon the open space is effected in the same way in both instances. There is no difference between these two purses either in principle or method of manipulation. If there is any patentable distinction between them it lies in Albright's described frame composed of two parts, A and B, connected by hinges, which hinges, as we have seen, Albright specifies should be made "with a stop to prevent A and B from opening farther than in a straight line," etc. The defendants' purse has no hinged frame. It is made of leather, and consists of a back-piece folded at the middle, and having on each side of the fold

,a U-shaped projecting rim of leather re-enforced by an inclosed piece of cardboard and a top piece of leather secured at its edges to the projecting rim on one side of the fold, and forming a coin pocket which opens to the uncovered portion of the leather back-piece on the other side of the fold. It operates precisely as does Rundlett's purse. We perceive no patentable difference between Rundlett's purse and the defendants' purse. If the defendants infringe the Albright purse, Rundlett anticipated Albright. The defendants' purse does not embody the distinguishing feature of Albright's purse, namely, his frame divided into two parts connected by hinges. We are, then, of opinion that infringement by the defendants was not shown.

Therefore the decree of the circuit court is reversed, and the case is remanded to that court, with direction to enter a decree dismissing the bill, with costs.